■ AURELIO CARRAZANA, Respondent, v STRATFORD FIVE REALTY, LLC, Appellant. [892 NYS2d 396]—

The action is by a tenant against his landlord for personal injuries sustained in an explosion and fire allegedly caused by a gas leak coming from the kitchen stove. In support of its motion for summary judgment, defendant adduced expert opinion that the fire originated in the bedroom, along a wall where the bed had been located and where, after the fire, the expert observed matches among the debris; defendant also adduced evidence that plaintiff was a smoker, that plaintiff had never complained to defendant's superintendent about a gas leak, and that the fire had caused significant damage to the bedroom but little damage to the kitchen. Included in defendant's motion papers was plaintiff's deposition, wherein plaintiff testified that he had recently complained to the superintendent about the smell of gas coming from the stove, that the superintendent told plaintiff that the stove's pilot light was broken but never fixed it, and that plaintiff first felt heat and then became aware of an enveloping fire while in the kitchen, immediately after he closed the refrigerator door.

The motion court held, correctly, that defendant failed to make a prima facie showing that the fire was not caused by the alleged unaddressed gas leak (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Reading defendant's expert's affidavit and the accompanying earlier report he had prepared as expressing uncertainty only as to whether the exact

cause of the fire was careless smoking, not as to its origin in the bedroom, the expert's affidavit fails to conclusively rebut plaintiff's testimony, based on personal observation, that the fire originated in the kitchen, or conclusively establish that a gas leak coming from the stove could not have fueled a fire in the bedroom ignited by a match. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.