Dougherty v 359 Lewis Ave. Assoc., LLC (2021 NY Slip Op 00835)





Dougherty v 359 Lewis Ave. Assoc., LLC


2021 NY Slip Op 00835


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-05927
 (Index No. 515902/16)

[*1]Richard Dougherty, respondent,
v
359 Lewis Avenue Associates, LLC, appellant.


Ahmuty, Demers & McManus (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for appellant.
Gair, Gair, Conason, Rubinowitz, Bloom, Hersenhorn, Steigman & Mackauf, New York, NY (Christopher J. Donadio of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated April 3, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 18, 2016, the plaintiff allegedly was injured when he was conducting an inspection of a building owned by the defendant. The plaintiff was standing atop a 16&frac38; inch wide platform on the fourth floor of the fire escape when he fell through the stairway opening, which did not have a guardrail, and landed on the third floor platform of the fire escape. The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the accident.
The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion. The defendant appeals, arguing, inter alia, that the unguarded stairway opening did not constitute a dangerous condition because it did not violate any codes or statutes, and that it lacked constructive notice of the condition.
A property owner, or a party in possession or control of real property, has a duty to
maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Locke v Calamit, 175 AD3d 560, 561). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Steed v MVA Enters., LLC, 136 AD3d 793, 794 [internal quotation marks omitted]). Thus, "[i]n a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence" (Beri v Chung Fat Supermarket, Inc., 125 AD3d 587, 587).
It is undisputed that the fire escape's lack of a guardrail along the open stairway did not violate any codes or statutes at the time the fire escape was installed between 1905 and 1907. Nevertheless, "'the absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles'" (Romero v Waterfront N.Y., 168 [*2]AD3d 1012, 1013, quoting Alexis v Motel Oasis, 143 AD3d 926, 927; see DeCarlo v Vacchio, 147 AD3d 724, 724-725). "[A] defendant may be held negligent for departing from generally accepted customs and practices even when the allegedly defective condition is in compliance with the relevant codes and ordinances" (Romero v Waterfront N.Y., 168 AD3d at 1013). Here, the defendant failed to eliminate triable issues of fact as to whether the lack of a guardrail around the fire escape's stairway was a breach of the defendant's common-law duty to maintain the fire escape in a reasonably safe condition (see DeCarlo v Vacchio, 147 AD3d at 725; Swerdlow v WSK Props. Corp., 5 AD3d 587, 588).
In addition, the defendant failed to establish, prima facie, that it lacked constructive notice of the dangerous condition. "A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Fortune v Western Beef, Inc., 178 AD3d 671, 672; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). As the condition of the fire escape has existed since 2010 when the defendant purchased the building, the defendant failed to establish that it lacked constructive notice that the lack of a guardrail along the stairway opening was a dangerous condition (see Stancarone v Sullivan, 167 AD3d 676, 678).
Finally, to the extent, as alleged by the defendant, that the danger presented by the unguarded stairway was open and obvious or that the plaintiff was negligent in standing with his back to the open stairway, these circumstances, which bear upon the issue of the plaintiff's comparative negligence, do not absolve the defendant of liability (see DeCarlo v Vacchio, 147 AD3d at 725; Dunitz v J.L.M. Consulting Corp., 22 AD3d 455, 457).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court