Cabanas v Qiu Yu Zou (2023 NY Slip Op 01884)

Cabanas v Qiu Yu Zou

2023 NY Slip Op 01884

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-00690
 (Index No. 707805/18)

[*1]Maura Zunilda Valdez Cabanas, respondent,
v
Qiu Yu Zou, appellant.

Gold, Benes, LLP, Bellmore, NY (Jeffrey B. Gold, Karen C. Higgins, and James F. Stewart of counsel), for appellant.
Bornstein & Emanuel, P.C. (Neil R. Finkston, Great Neck, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), dated January 15, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In October 2017, the plaintiff allegedly was injured when she fell while descending an interior staircase at premises located in Elmhurst. At the time of the accident, the premises was owned by the defendant. The plaintiff resided in an apartment on the second floor of the premises, and was descending the interior staircase from the second floor to the first floor to exit the building, when she allegedly fell at or about the last step of the staircase.
The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendant was negligent, inter alia, in maintaining the staircase at issue. The plaintiff alleged, among other things, that the height of the riser for the bottom step differed significantly from the height of the risers for the other steps and that the handrail was too high from the steps. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that there was no defective condition in the staircase which was a proximate cause of the plaintiff's accident. The Supreme Court denied the defendant's motion, and the defendant appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 242; Buffalino v XSport Fitness, 202 AD3d 902, 902; Mowla v Baozhu Wu, 195 AD3d 706). In a premises liability case, a defendant landowner moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Mowla v Boazhu Wu, 195 AD3d at 707; Vargas v Lamberti, 186 AD3d 1572, 1573).
The issue of whether a dangerous or defective condition exists depends on the facts [*2]of each case, and is generally a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977; Gallis v 23-21 33 Rd., LLC, 198 AD3d 730, 733). A defendant has constructive notice of a dangerous or defective condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Mowla v Boazhu Wu, 195 AD3d at 707).
Here, the defendant failed to establish, prima facie, that she maintained the staircase in a reasonably safe condition (see Dudnik v 1055 Hylan Offs., LLC, 164 AD3d 870, 871; Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1117). In support of her argument that the height of the riser for the bottom step did not constitute a dangerous condition, the defendant proffered, among other things, the affidavit of her expert engineer, who inspected the premises on September 28, 2018. Based on the expert's inspection and measurements of, among other things, the risers in the staircase, the defendant's expert acknowledged that the riser height for the bottom step was 6½ inches, but that the riser height for the other steps was approximately 7&frac78; inches. The defendant's expert concluded, however, that the difference in the riser height between the bottom step and the other steps was not a proximate cause of the accident based upon his interpretation of the plaintiff's deposition testimony as establishing that she lost her balance while stepping on the tread of the bottom step, rather than losing her balance after stepping off the bottom step.
Viewing the evidence in the light most favorable to plaintiff, as the nonmoving party (see Sage v Taylor, 195 AD3d 971, 972; Gobin v Delgado, 142 AD3d 1134, 1136), the defendant failed to demonstrate, prima facie, that a dangerous condition did not exist on the staircase (see Dilorenzo v Nunziatto, 209 AD3d 838, 839; Schwartz v Reisman, 135 AD3d 739, 739; Swerdlow v WSK Props. Corp., 5 AD3d 587, 588), or that the disparity in riser heights was not a proximate cause of the accident. Furthermore, the evidence proffered on the defendant's motion, which included the deposition transcripts of the parties, as well as photographs, including those identified by the parties as fairly and accurately representing the staircase as it existed on the date of the accident, failed to establish that the defendant did not have constructive notice of the alleged dangerous condition of the staircase (see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764-765; Davis v Sutton, 136 AD3d 731, 733; Barley v Robert J. Wilkins, Inc., 122 AD3d at 1117).
Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint, we need not consider the sufficiency of the plaintiff's submissions in opposition (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Dudnik v 1055 Hylan Offs., LLC, 164 AD3d at 871).
In light of our determination, we need not reach the parties' remaining contentions as to whether the staircase was in violation of any applicable provisions of the Administrative Code of the City of New York (see Dudnik v 1055 Hylan Offs., LLC, 164 AD3d at 871). "[T]he absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles" (Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d at 764 [internal quotation marks omitted]; see Romero v Waterfront N.Y., 168 AD3d 1012, 1013).
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court