Rodriguez v American Airlines, Inc. (2023 NY Slip Op 04452)

Rodriguez v American Airlines, Inc.

2023 NY Slip Op 04452

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2021-03871
 (Index No. 718343/19)

[*1]Jose Rodriguez, respondent, 
v
American Airlines, Inc., et al., appellants.

Buchanan Ingersoll & Rooney P.C., New York, NY (Daniel Z. Rivlin of counsel), for appellants.
Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered March 29, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2019, the plaintiff was in a vehicle parked in a restricted area near a terminal within LaGuardia Airport when the vehicle was struck in the rear by a belt loader owned by the defendant American Airlines, Inc., and operated by the defendant Robert Dennis Politi. The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident and subsequently moved, inter alia, for summary judgment on the issue of liability. In an order entered March 29, 2021, the Supreme Court, among other things, granted that branch of the motion, and the defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033-1034; see Festagallo v Mandelbaum, 213 AD3d 741, 742; Wray v Galella, 172 AD3d 1446, 1447). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own [*2]comparative negligence" (Maliakel v Morio, 185 AD3d 1018, 1019; see Rodriguez v City of New York, 31 NY3d 312, 324-325; Jackson v Klein, 203 AD3d 1147, 1148). A court deciding a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833; Tucubal v National Express Tr. Corp., 209 AD3d 788, 789).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that Politi's failure to see that which he should have seen through the proper use of his senses as he was backing up the belt loader was a proximate cause of the accident (see Francois v Tang, 171 AD3d 1139, 1139-1140; Rodriguez v City of New York, 161 AD3d 575, 576-577; Francis v J.R. Bros. Corp., 98 AD3d 940, 941; Guzman v Schiavone Constr. Co., 4 AD3d 150, 150-151). In opposition, the defendants failed to raise a triable issue of fact.
In light of our determination, we need not address the defendants' remaining contention.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court