Amparo v Christopher One Corp. (2024 NY Slip Op 01286)

Amparo v Christopher One Corp.

2024 NY Slip Op 01286

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-05335
 (Index No. 55393/20)

[*1]Maria Amparo, appellant, 
v
Christopher One Corp., et al., respondents, et al., defendants.

Ami Morgenstern Attorney-at-Law, PLLC, Long Island City, NY (Marc Andrew Williams of counsel), for appellant.
Connell Foley, LLP, New York, NY (Erica Gbur and Margot N. Wilensky of counsel), for respondent Christopher One Corp.
Milber Makris Plousadis & Seiden, LLP, Purchase, NY (Otto Cheng of counsel), for respondent Mexico Car Service Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated June 29, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Christopher One Corp. and Mexico Car Service Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Christopher One Corp. and Mexico Car Service Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff allegedly was injured when she fell while descending exterior steps outside of premises owned by the defendant Christopher One Corp. (hereinafter the defendant owner), leased to the defendant Pupilo Agency, Inc., and subleased by the defendant Mexico Car Service Corp. (hereinafter the defendant car service). The plaintiff thereafter commenced this action to recover damages for personal injuries. The complaint alleged that the defendant car service and the defendant owner, among others, were negligent by, inter alia, failing to maintain the steps at issue. The plaintiff further alleged that the steps violated certain provisions of the 1925 Yonkers Building Code and the 1984 New York State Uniform Fire Prevention and Building Code relating to the uniformity of riser heights. The defendant owner and the defendant car service separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the separate motions. The plaintiff appeals.
"'Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property'" (Toner v Trader Joe's E., Inc., 209 AD3d 690, 692, quoting Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812 [internal quotation marks omitted]; see Misa v Town of Brookhaven, 212 AD3d 804, 805-806). "'In the absence of [*2]ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property'" (Toner v Trader Joe's E., Inc., 209 AD3d at 692, quoting Dalpiaz v McGuire, 176 AD3d 779, 780; see Misa v Town of Brookhaven, 212 AD3d at 806). Contrary to the determination of the Supreme Court, the defendant car service failed to submit evidence sufficient to establish, prima facie, that it did not occupy, control, or make special use of the steps, which lead directly into the premises that it subleased (see Toner v Trader Joe's E., Inc., 209 AD3d at 692).
In general, the owner of real property owes a duty to maintain that property in a reasonably safe condition (see Patterson v H.E.H., LLC, 217 AD3d 879, 880). "'However, an out-of-possession landlord is not liable for injuries caused by a dangerous condition on leased premises in the absence of a duty imposed by statute or assumed by contract or a course of conduct'" (id. at 880, quoting Achee v Merrick Vil., Inc., 208 AD3d 542, 543-544; see Maharaj v Kreidenweis, 214 AD3d 717, 718). Here, the defendant owner failed to demonstrate, prima facie, that it was an out-of-possession landlord that was not contractually obligated under the lease to repair the steps (see Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1106; Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545).
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Cabanas v Qiu Yu Zou, 215 AD3d 726, 727). In a premises liability case, a defendant moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Mowla v Baozhu Wu, 195 AD3d 706, 707). The issue of whether a dangerous or defective condition exists depends on the facts of each case and is generally a question of fact for the jury (see Cabanas v Qiu Yu Zou, 215 AD3d at 727; McLaren v Mid-Town Athletic Club, LLC, 195 AD3d 1539, 1540).
Here, the record demonstrates that the riser heights of the steps were not uniform and that the top riser was approximately three inches taller than the bottom riser. Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Rodriguez v Am. Airlines, Inc., 219 AD3d 948; Sage v Taylor, 195 AD3d 971, 972), we find that both the defendant owner and the defendant car service failed to demonstrate, prima facie, that a dangerous condition did not exist on the steps or that the disparity in riser heights was not a proximate cause of the accident (see Cabanas v Qiu Yu Zou, 215 AD3d at 728). In light of this determination, we need not reach the plaintiff's contentions as to whether the construction of the steps was in violation of, inter alia, certain state and local building codes (see id.; Dudnik v 1055 Hylan Offs., LLC, 164 AD3d 870, 871). In any event, the absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles (see Cabanas v Qiu Yu Zou, 215 AD3d at 728; Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764).
In addition, the defendant owner and the defendant car service both failed to establish, prima facie, that they lacked constructive notice of the alleged dangerous condition on the staircase (see Cabanas v Qiu Yu Zou, 215 AD3d at 728; Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d at 764-765).
Since the defendant owner and the defendant car service both failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them, we need not consider the sufficiency of the plaintiff's submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Schultheis v Arcate, 216 AD3d 1018, 1019).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court