Qi Zhong Weng v Jian Juan Wang (2024 NY Slip Op 02550)

Qi Zhong Weng v Jian Juan Wang

2024 NY Slip Op 02550

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-09870
 (Index No. 512963/19)

[*1]Qi Zhong Weng, respondent, 
v
Jian Juan Wang, et al., appellants.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellants.
Lipsig Shapey Manus & Moverman, PC (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul Seidenstock, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated November 2, 2022. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
In March 2019, the plaintiff allegedly was injured when a fire erupted from the burners of a gas stove that he was using in the kitchen of an apartment that he occupied on premises located in Brooklyn. At the time of the accident, the premises were owned by the defendants. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the fire was caused by a dangerous or defective condition of the stove and that the defendants were negligent in maintaining the stove. The defendants moved for summary judgment dismissing the complaint. In an order dated November 2, 2022, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Cabanas v Qi Yu Zou, 215 AD3d 726, 727). "'In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence'" (McKevitt v True N. Urgent Care, LLC, 224 AD3d 741, 742, quoting Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560). "Although the issue of whether a dangerous or defective condition exists on the property of another is generally a question of fact for the jury" (McKevitt v True N. Urgent Care, LLC, 224 AD3d at 742), "'[s]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous'" (id., quoting Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d at 560).
Here, the defendants established, prima facie, that they maintained the stove in a reasonably safe condition with evidence that there was no dangerous or defective condition of the stove that caused the plaintiff's accident (see McKevitt v True N. Urgent Care, LLC, 224 AD3d at 742; Forde v Vornado Realty Trust, 89 AD3d 678, 679; see also Cinquemani v Otis El. Co., 179 AD3d 588, 588; Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611, 613). In support of their motion, the defendants offered, among other things, a fire incident report by the New York City Fire Department specifying the cause of the fire as "cooking carelessness," as well as the separate affidavits of a professional engineer and a certified fire investigator hired by the defendants. The engineer averred in his affidavit that he inspected the stove in the subject apartment in May 2021 and found no defective condition therein, including no gas leaks in either the connection to the stove or the control valves to the burners, other than that one of the burners did not ignite. The fire investigator averred in his affidavit that he inspected the stove in the subject apartment in May 2021 and opined, based on his inspection of the stove and the lack of any indicia of an explosion or gas leak, that "this was a cooking fire." In addition, the defendants offered evidence that no repairs or alterations had been made to either the stove or the gas connection between the time of the accident and the inspections by the engineer and the fire investigator. Contrary to the plaintiff's contention, this evidence was sufficient to conclusively rebut the plaintiff's deposition testimony as to the alleged cause of the fire (cf. Carrazana v Stratford Five Realty, LLC, 69 AD3d 479, 480).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention need not be reached in light of our determination.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court