H. J. v City of Glen Cove (2024 NY Slip Op 04066)

H. J. v City of Glen Cove

2024 NY Slip Op 04066

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-08402
 (Index No. 611381/18)

[*1]H. J., etc., et al., respondents, 
v
City of Glen Cove, et al., appellants.

Sokoloff Stern LLP, Carle Place, NY (Kiera J. Meehan of counsel), for appellants.
Dallas Law, LLC, Melville, NY (Robert J. Dallas and Jason S. Firestein of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered August 9, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 18, 2017, H. J. (hereinafter the infant plaintiff), then six years old, was attending a summer camp operated by the defendant City of Glen Cove when he allegedly was injured while using a "slip-and-slide" apparatus set up by camp staff on the grounds of a middle school in Glen Clove. In August 2018, the infant plaintiff, by his parents, and his parents suing derivatively, commenced this action against the City, the City of Glen Cove Parks and Recreation, and the City of Glen Cove Board of Education (hereinafter collectively the defendants), inter alia, to recover damages for personal injuries. The plaintiffs alleged, among other things, that the defendants were negligent in failing to adequately supervise the infant plaintiff at the time of the accident and in failing to maintain the area in a reasonably safe manner by creating and allowing an unsafe condition to be present at the location. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order entered August 9, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
Here, viewing the evidence in the light most favorable to the plaintiffs (see K.L. v City of New York, 218 AD3d 763), the defendants failed to establish, prima facie, that their supervision of the infant plaintiff was adequate or that any lack of supervision was not a proximate cause of the accident (see Morace v Commack N. Baseball Clubs, Inc., 181 AD3d 672, 674; J.M. v North Babylon Union Free Sch. Dist., 145 AD3d 978). Moreover, the defendants' submissions failed to establish, prima facie, that the defendants did not create a dangerous condition with respect to the slip-and-slide apparatus (see Cabanas v Qiu Yu Zou, 215 AD3d 726, 728; Dilorenzo v Nunziatto, 209 AD3d 838, 839) or that the manner in which the slip-and-slide was set up was not a proximate cause of the accident (see Cabanas v Qiu Yu Zou, 215 AD3d at 728). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 [*2]NY2d 851, 853).
The defendants' remaining contentions are without merit.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court