Ogletree v Long Is. Univ. (2024 NY Slip Op 04329)

Ogletree v Long Is. Univ.

2024 NY Slip Op 04329

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-09007
 (Index No. 500118/19)

[*1]Leslie Ogletree, appellant, 
v
Long Island University, et al., respondents.

Bornstein & Emanuel, P.C. (Marie R. Hodukavich, Peekskill, NY, of counsel), for appellant.
Vincent D. McNamara, East Norwich, NY (Charles D. Teixeira of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Odessa Kennedy, J.), dated September 22, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On July 9, 2017, the plaintiff allegedly was injured while entering a building on the defendants' Brooklyn campus when the door through which she was walking "abruptly" swung closed into her, causing her to fall. In November 2018, the plaintiff commenced this action to recover damages for personal injuries, alleging, among other things, that the defendants were negligent in maintaining the subject door. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order dated September 22, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"In a premises liability case, a defendant landowner moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Cabanas v Qiu Yu Zou, 215 AD3d 726, 727). "The issue of whether a dangerous or defective condition exists depends on the facts of each case, and is generally a question of fact for the jury" (id.; see Trincere v County of Suffolk, 90 NY2d 976, 977). "A defendant has constructive notice of a dangerous or defective condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Cabanas v Qiu Yu Zou, 215 AD3d at 727; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack of constructive notice of an alleged defective condition, a defendant must offer some evidence as to when the subject area was last inspected relative to the time when the incident occurred" (Mermelstein v Campbell Fitness NC, LLC, 201 AD3d 923, 924; see Radosta v Schechter, 171 AD3d 1112, 1113).
Here, viewing the evidence in the light most favorable to the plaintiff, as the nonmoving party (see Cabanas v Qiu Yu Zou, 215 AD3d at 728), the defendants failed to establish, prima facie, that the condition of the door on the date of the accident did not constitute a dangerous condition (see Lee v Acevedo, 152 AD3d 577, 578; Assil v Camba, Inc., 136 AD3d 720, 720). Moreover, the defendants failed to establish, prima facie, that they lacked actual or constructive notice of the alleged dangerous condition, as the defendants failed to submit any inspection or maintenance records or any other evidence showing when, if ever, the door was last inspected or maintained prior to the accident (see Bolson v UJA-FED Props., Inc., 224 AD3d 584; Mermelstein v Campbell Fitness NC, LLC, 201 AD3d at 924-925; Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 958; cf. E.W. v City of New York, 179 AD3d 747, 748). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, their motion for summary judgment dismissing the complaint should have been denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court