Giahn v Yakubov (2025 NY Slip Op 01082)

Giahn v Yakubov

2025 NY Slip Op 01082

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-06222
 (Index No. 712533/19)

[*1]Malka Giahn, respondent, 
v
Edik Yakubov, et al., appellants.

Martyn, Smith, Murray & Yong, Hauppauge, NY (Giovanna Condello and Shahid Mumtaz of counsel), for appellants.
Zlotolow & Associates, P.C., Melville, NY (Jason S. Firestein of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated April 11, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained when she fell in September 2018, while descending an interior staircase at premises owned by the defendants located in Fresh Meadows. The defendants moved for summary judgment dismissing the complaint on the grounds, inter alia, that there was no defective condition in the staircase that was a proximate cause of the plaintiff's accident and that they did not create the alleged hazardous condition or have actual or constructive notice of any dangerous condition. The plaintiff opposed. In an order dated April 11, 2023, the Supreme Court denied the defendants' motion. The defendants appeal. We affirm.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Cabanas v Qiu Yu Zou, 215 AD3d 726, 727). "In a premises liability case, a defendant landowner moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Cabanas v Qiu Yu Zou, 215 AD3d at 727). "The issue of whether a dangerous or defective condition exists depends on the facts of each case, and is generally a question of fact for the jury" (id.; see Trincere v County of Suffolk, 90 NY2d 976, 977).
Here, the defendants failed to establish, prima facie, that they maintained the staircase in a reasonably safe condition (see Cabanas v Qiu Yu Zou, 215 AD3d at 727), nor did they establish, prima facie, that they lacked notice of the alleged defective condition of the staircase. Although the defendants' expert opined in her affidavit that the staircase did not violate any building codes, she did not opine as to whether the alleged defect in the stone next to the staircase and the narrowing of the staircase, which the plaintiff testified about in her deposition testimony, presented a tripping [*2]hazard. Moreover, the photographs depicting the condition of the staircase raised a triable issue of fact in that regard (see Johnson v 1451 Assoc., L.P., 225 AD3d 752, 754).
Further, the evidence proffered on the defendants' motion, which included the deposition transcripts of the parties, as well as photographs of the staircase, failed to establish that the defendants did not have actual or constructive notice of the alleged dangerous condition of the staircase (see Toro v McComish, 227 AD3d 1120, 1121; Cabanas v Qiu Yu Zou, 215 AD3d at 728).
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint, we need not consider the sufficiency of the plaintiff's submissions in opposition (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cabanas v Qiu Yu Zou, 215 AD3d at 728).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court