Crayton v Elegant Rest. Equip. & Supplies, Inc. (2026 NY Slip Op 00239)

Crayton v Elegant Rest. Equip. & Supplies, Inc.

2026 NY Slip Op 00239

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-11345
 (Index No. 700965/19)

[*1]Jennifer Crayton, plaintiff-respondent, 
vElegant Restaurant Equipment & Supplies, Inc., defendant-respondent, AAK Holdings, LLC, appellant, et al., defendant.

Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for appellant.
Suris & Associates, P.C., Melville, NY (Brian Murtha and Zara Watkins of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant AAK Holdings, LLC, appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered September 17, 2024. The order denied that defendant's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs to the plaintiff-respondent.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained while shopping for a table on the premises of the defendant Elegant Restaurant Equipment & Supplies, Inc. (hereinafter Elegant), in a building owned by the defendant AAK Holdings, LLC (hereinafter AAK). The plaintiff alleged that while she was ascending a ladder to a mezzanine level of the subject premises in order to access the location of the tables, the ladder, which was leaned against a wall, fell from under her feet while she was standing on the third or fourth rung. AAK moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. In an order entered September 17, 2024, the Supreme Court denied the motion. AAK appeals.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Cabanas v Qiu Yu Zou, 215 AD3d 726, 727). "A defendant moving for summary judgment dismissing a premises liability cause of action has the initial burden of making a prima facie showing that it neither created the defective condition nor had actual or constructive notice of its existence" (Richardson v Brooklake Assoc., L.P., 131 AD3d 1153, 1154; see Cabanas v Qiu Yu Zou, 215 AD3d at 727). However, "[t]he issue of whether a dangerous or defective condition exists depends on the facts of each case and is generally a question of fact for the jury" (Amparo v Christopher One Corp., 225 AD3d 652, 654; see Giahn v Yakubov, 235 AD3d 955, 956).
Here, viewing the evidence in the light most favorable to the nonmoving parties, AAK failed to establish that there was not a hazardous condition at the premises with regard to access to the mezzanine level (see Ogletree v Long Is. Univ., 230 AD3d 804, 805; Cabanas v Qiu [*2]Yu Zou, 215 AD3d at 728) or that AAK was unaware of such condition (see Giahn v Yakubov, 235 AD3d at 956; Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764-765). Since AAK failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross-claims insofar as asserted against it, we need not consider the sufficiency of the opposition papers (see Amparo v Christopher One Corp., 225 AD3d at 655; Cabanas v Qiu Yu Zou, 215 AD3d at 728).
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court