Soto v Mastropieri
2026 NY Slip Op 03467
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Kyle Ann Soto, appellant,
v
Lorenzo Mastropieri, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-11169, 2024-11306, (Index No. 602489/23)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Scott A. Wolinetz, P.C., Melville, NY, for appellant.
James F. Butler, Jericho, NY (Kathleen E. Fioretti of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), entered July 26, 2024, and (2) a judgment of the same court entered August 12, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability and to strike the errata sheet to the transcript of the defendant's deposition. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, the plaintiff's cross-motion for summary judgment on the issue of liability and to strike the errata sheet to the transcript of the defendant's deposition is granted, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she was struck by the defendant's vehicle while walking across Merrick Road in Lynbrook. The defendant's vehicle struck the plaintiff after turning left onto the four-lane road. According to the plaintiff, she observed the defendant waiting at an intersection to turn onto Merrick Road, and there were no other vehicles nearby. At his deposition, the defendant testified that he did not see any cars or pedestrians when he turned, that he was traveling at approximately two to three miles per hour with his foot on the brake, and that he did not see the plaintiff "even for a split second" before his vehicle hit her.
The defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability and to strike the errata sheet to the transcript of the defendant's deposition, which was served for the first time in the defendant's moving papers. In an order entered July 26, 2024, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. On August 12, 2024, the court entered a judgment, upon the order, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
Preliminarily, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was to strike the errata sheet to the transcript of the defendant's deposition. CPLR 3116(a) provides that, "[i]f [a] witness fails to sign and return [his or her] deposition within sixty days, it may be used as fully as though signed," and "[n]o changes to the transcript may be made by the witness more than sixty days after submission to the witness for examination." Here, it is undisputed that the plaintiff's counsel mailed the defendant's deposition transcript to the defendant's counsel on December 27, 2023, and that the transcript of the defendant's deposition testimony was not returned with the defendant's errata sheet until it was submitted in support of the defendant's motion on March 21, 2024. Accordingly, the court should have granted that branch of the plaintiff's cross-motion which was to strike the errata sheet as untimely (see Pagan v GPK, LLC, 227 AD3d 1524, 1526; Parra v Cardenas, 183 AD3d 462, 463).
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Hernandez v Flores, 226 AD3d 982, 983 [internal quotation marks omitted]). "'A driver is negligent where he or she failed to see that which, through proper use of his or her senses, the driver should have seen'" (Mehta v Keaveney, 216 AD3d 635, 635, quoting Shuofang Yang v Sanacore, 202 AD3d 1120, 1122). "'Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law'" (Alterisio v Rodriguez, 228 AD3d 712, 713, quoting Fergile v Payne, 202 AD3d 928, 930).
Here, the defendant failed to establish, prima facie, that his failure to see that which, through the proper use of his senses, he should have seen was not a proximate cause of the accident (see Mehta v Keaveney, 216 AD3d at 636; Fried v Misser, 115 AD3d 910, 911; Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Marazita v City of New York, 202 AD3d 951, 952, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034).
Here, the plaintiff established, prima facie, that the defendant failed to see that which, through the proper use of his senses, he should have seen and that this failure was a proximate cause of the plaintiff's alleged injuries (see Rodriguez v American Airlines, Inc., 219 AD3d 948, 949; Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790). The parties' deposition testimony demonstrated that the defendant never saw the plaintiff before striking her despite the fact that the plaintiff was already at least one traveling lane from the curb and the defendant was moving at a slow speed when the plaintiff came into contact with the hood of his vehicle. Contrary to the defendant's contention, the plaintiff was not required to demonstrate the absence of her own comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 324-325).
In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's [*2]cross-motion which was for summary judgment on the issue of liability.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court