■ U.K. Cable Ventures, Inc., Individually and as General Partner of U.K. Cable Ventures Limited Partnership, U.S.A., et al., Respondents, v Bell Atlantic Investments, Formerly Known as Metro Mobile CTS, Inc., et al., Appellants. [648 NYS2d 564] —Order, Supreme Court, New York County (Herman Cahn, J.), entered December 14, 1995, which, in an action for breach of contract, denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiffs' cross motion to amend the complaint so as to add causes of action for "fraudulent inducement", fraud and breach of fiduciary duty, unanimously modified, on the law, to dismiss the cause of action for breach of contract insofar as it alleges defendants' breach of an oral agreement to construct and build cable television systems "over the long term", but not insofar as it alleges breach of an oral agreement to seek cable television franchises, and to deny plaintiffs leave to add a cause of action for fraudulent inducement, and otherwise affirmed, without costs.

The alleged oral contract in issue, reached during a brief luncheon meeting in March 1990, six days before applications to British cable authorities were due, and under which defendant Lindemann was to help plaintiffs obtain cable television franchises in England and then finance the construction and operation of those cable systems "over the long term", assuming the franchises were granted, is severable into two parts (see, Apostolos v R.D.T. Brokerage Corp., 159 AD2d 62, 65-66). The first part, that defendants would assist plaintiffs in the application process, was fully performable, and in fact was performed, within one year, and is therefore outside the Statute of Frauds (General Obligations Law § 5-701 [a] [1]). The exact terms of the contract, in particular, whether defendants

agreed to fund all of the expenses involved in the application process, including costs incurred by plaintiffs prior to the March 1990 meeting, is an issue of fact turning largely on credibility. We note in that regard defendants' admission of an agreement to seek the franchises, and the fact that they expended approximately $330,000 of their own money in connection therewith, including some of the bills incurred by plaintiffs prior to the March 1990 meeting.

However, the second part of the alleged oral agreement, that defendants would finance a "multi-year build-out" of the cable systems as well as the costs of operating them "over the long term", by its very terms, is not possible of full performance within one year, and is therefore barred by the Statute of Frauds (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 455). Although defendants' actions in paying for certain expenses related to the franchise applications and in submitting certain letters to the British cable authorities might be seen as supporting an agreement to build and operate cable systems, an equally valid interpretation is that defendants were merely seeking to obtain the franchises, and would decide at a later date whether to sell them to a third party or actually construct the cable systems. Indeed, almost as soon as the franchises were granted, defendants informed plaintiffs that they desired to sell them because they were located in potentially unprofitable markets. Therefore, defendants' actions are not " 'unequivocally referable' " to the alleged oral agreement, and the doctrine of part performance does not apply (*Anostario v Vicinanzo*, 59 NY2d 662, 664). Moreover, the Statute of Frauds aside, the very magnitude of the contract, involving an estimated cost of $166 million to construct and operate the cable systems, is such that a formal writing would be the ordinary expectation (*see, Allied Sheet Metal Works v Kerby Saunders, Inc.*, 206 AD2d 166, 170). And even if there were contractual intent, what is alleged here fails to set forth material terms and is too indefinite to be enforceable (*see, Martin Delicatessen v Schumacher*, 52 NY2d 105, 109).

Defendants' motion to dismiss the complaint as against Bell Atlantic Investments was properly denied, there being questions of fact whether its predecessor-in-interest continued to be involved in the venture.

While we agree with the motion court that plaintiffs should be allowed to add causes of action for common-law fraud and breach of fiduciary duty, the proposed claim for fraudulent inducement is plainly without merit, admittedly dependent, as it is, upon the assumption that the agreement to build and

operate the cable systems was valid. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.