■ MARCIEJ WASEK, Plaintiff, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Defendant and Third-Party Plaintiff-Appellants. CONSTRUCTION FORCE SERVICES, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [998 NYS2d 361]—

Order, Supreme Court, New York County (Kathryn Freed, J.), entered August 19, 2013, which granted third-party defendants' motions for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the motions denied.

The testimony provided by the third-party defendants that there was no agreement to procure insurance for third-party plaintiffs New York City Health & Hospitals Corporation (HHC) and/or the City of New York established their prima facie entitlement to summary judgment (*see A & E Stores, Inc. v U.S. Team, Inc.*, 63 AD3d 486, 486 [1st Dept 2009]). The testimony provided by HHC's employee that it was his understanding that Construction Force Services, Inc. (CFS, Inc.) would "provide insurance for the employees working on our sites," as well as the

testimony of CFS, Inc.'s insurance broker that its issuance of a certificate of insurance listing HHC as an additional insured to CFS, Inc. demonstrated that CFS, Inc. specifically requested such certificate, standing alone, may not have been sufficient to defeat summary judgment (*see Financial Structures Ltd. v UBS AG*, 2014 NY Slip Op 30919[U], \*7-9 [Sup Ct, NY County 2014]).

Yet, considering the totality of the circumstances (*see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 400 [1977]), this testimony, combined with certificates of insurance since 2004 stating that HHC was an additional insured under the third-party defendant's general liability insurance policy, and labor proposals since 1997 with "trade rates" that included an insurance item, raised issues of fact as to the existence of an oral agreement to procure insurance for HHC (*see Travelers Indem. Co. of Am. v Royal Ins. Co. of Am.*, 22 AD3d 252, 253 [1st Dept 2005]).

Although the parties provided conflicting testimony regarding the meaning of the "insurance term" in the labor proposals, "the question of contractual intent is largely one of fact" (*Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 483 [1st Dept 1991]), and disputes over the terms of an oral contract often turn on issues of credibility (*see U.K. Cable Ventures v Bell Atl. Invs.*, 232 AD2d 294, 294-295 [1st Dept 1996], *lv dismissed* 89 NY2d 981 [1997]), thereby precluding summary judgment.

Sufficient evidence also exists to hold the third-party defendants liable as a single entity (*Shisgal v Brown*, 21 AD3d 845, 847-848 [1st Dept 2005]). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.