# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1072**
**CA 15-00198**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

MICHAEL MEYER, M.D., PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

UNIVERSITY NEUROLOGY, DEFENDANT-RESPONDENT.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT.

BROWN & KELLY, LLP, BUFFALO (KEVIN D. WALSH OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered October 21, 2014. The order granted
defendant's motion for summary judgment, dismissed the complaint, and
denied plaintiff's cross motion for leave to amend the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
the complaint is reinstated, and the cross motion is granted upon
condition that plaintiff shall serve the amended complaint within 30
days after service of the order of this Court with notice of entry.

Memorandum: It is undisputed that plaintiff was employed by
defendant to manage the Department of Neurology at Erie County Medical
Center and to perform services as a neurologist at that facility. It
is also undisputed that there was no written agreement memorializing
the terms of that employment. Following a dispute concerning whether
plaintiff was entitled to payments in addition to his agreed-upon
salary, plaintiff commenced this action asserting causes of action for
breach of contract, unjust enrichment, quantum meruit, and
"detrimental reliance." Defendant thereafter moved for summary
judgment dismissing the complaint, and plaintiff cross-moved for leave
to amend the complaint to rename the fourth cause of action, removing
the caption "Detrimental Reliance," and inserting the caption
"Equitable Estoppel." Plaintiff contended that, "for all intents and
purposes," the fourth cause of action asserted a cause of action for
equitable estoppel and, therefore, the proposed amendment, which
merely rephrased the language of a caption in the complaint, would not
add any additional claims. Supreme Court granted defendant's motion
and denied plaintiff's cross motion. We now reverse.

We conclude that, inasmuch as defendant failed to establish its
entitlement to summary judgment, the court erred in granting the
motion. Defendant's "own submissions contain evidence of . . .

disputes between the parties with respect to the provisions of the [oral] contract relating to plaintiff's compensation" (*Micro-Link, LLC v Town of Amherst*, 109 AD3d 1130, 1131).  In addition, although there was no dispute that defendant made some payments to plaintiff in addition to his salary, the evidence submitted by defendant established that the parties had conflicting explanations for such payments.  Resolution of those disputes and conflicts "turn[s] on issues of credibility . . . , thereby precluding summary judgment" (*Wasek v New York City Health & Hosps. Corp.*, 123 AD3d 493, 494; *see Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc.*, 95 AD3d 434, 436; *U.K. Cable Ventures v Bell Atl. Invs.*, 232 AD2d 294, 294-295).  Indeed, it is well settled that, "[o]n a motion for summary judgment[,] the court must not weigh the credibility of witnesses unless it clearly appears that the issues are feigned and not genuine[,] and [a]ny conflict in the testimony or evidence presented merely raise[s] an issue of fact" (*Pryor & Mandelup, LLP v Sabbeth*, 82 AD3d 731, 732 [internal quotation marks omitted]; *see generally Ferrante v American Lung Assn.*, 90 NY2d 623, 631).  Inasmuch as defendant failed to meet its initial burden on its motion for summary judgment, the burden never shifted to plaintiff to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We further conclude that the court erred in denying plaintiff's cross motion seeking leave to amend the complaint.  It is well settled that "[p]ermission to amend pleadings should be 'freely given' " unless the proposed amendment is patently lacking in merit (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959, quoting CPLR 3025 [b]; *see Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8 AD3d 1000, 1001).  As plaintiff correctly contends, this is not a situation in which a party is seeking to defeat a motion for summary judgment by offering a new theory of liability not contained in the complaint or bill of particulars (*cf. Darrisaw v Strong Mem. Hosp.*, 74 AD3d 1769, 1770, *affd* 16 NY3d 729).  Rather, the proposed amendment is based on the same factual allegations contained in the complaint, is " 'consistent with . . . plaintiff['s] existing theories sounding in [breach of contract, unjust enrichment, and quantum meruit], [is] not devoid of merit[,] and [will] not result in significant prejudice or surprise' " (*Haga v Pyke*, 19 AD3d 1053, 1055).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court