Peters, P.J.
 

 Appeal from an order of the Supreme Court (O’Shea, J.), entered November 30, 2016 in Chemung County, which granted defendants’ motion for summary judgment dismissing the complaint.
 

 At all times relevant, defendant William H. Loso and his sister, Beverly Brownell (hereinafter Brownell), were the owners of a two-family residential dwelling located in the Village of Endicott, Broome County. Plaintiffs’ son and daughter-in-law began renting one of the duplex apartments from Loso in 2009, which is accessed by a set of exterior concrete stairs with an adjacent handrail fastened to two wooden posts set into the ground. Plaintiff Johanna Kraft asserts that, while descending the stairway in question on August 10, 2010, her foot slipped on one of the stairs and, when she reached for the handrail in an effort to steady herself, the handrail “moved from [her],” causing her to lose her balance and fall to the ground. Kraft and her spouse, derivatively, commenced this action against Loso and Brownell alleging, among other things, negligent maintenance of the handrail. Following joinder of issue and discovery, Loso moved for summary judgment dismissing the complaint. Defendant Stephen J. Brownell
 
 *
 
 joined in Loso’s motion, incorporating all the arguments made therein and also contending, insofar as is relevant here, that Brownell could not be held liable for any dangerous condition existing on the property because she was an out-of-possession owner. Supreme Court granted the motion and dismissed the complaint, prompting this appeal.
 

 To establish a prima facie entitlement to summary judgment, defendants were required to demonstrate that they “maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition” (McGrath v George Weston Bakeries, Inc., 117 AD3d 1303, 1304 [2014]; see Acton v 1906 Rest. Corp., 147 AD3d 1277, 1278 [2017]; Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1117 [2014]). To that end, Loso testified that he periodically inspected the stability of the handrail when he visited the premises during the 10 to 15 years following its installation — including within days after Kraft’s fall — and always found it to be secure. He further testified that he had not received any complaints about the handrail prior to Kraft’s fall, nor had he performed any maintenance or repairs on it either before or after this incident. Defendants also proffered the deposition testimony of the tenant occupying the adjoining duplex apartment at the time of the accident, who stated that he and his “overweight” father regularly used the handrail in question while traversing the exterior stairs and that it was “very sturdy” and never exhibited any movement. In addition, defendants tendered the sworn affidavit of a professional engineer who personally inspected the property, concluded that the stairs and handrail in question were in full compliance with the applicable codes and opined that they provided a safe means of ingress and egress. Such proof was sufficient to shift the burden to plaintiffs to establish the existence of a material issue of fact requiring a trial (see Signorelli v Troy Lodge #141 Benevolent & Protective Order of Elks, 108 AD3d 831, 831-832 [2013]; Timmins v Benjamin, 77 AD3d 1254, 1254-1255 [2010]; Raczes v Horne, 68 AD3d 1521, 1522 [2009]).
 

 In opposition, plaintiffs raised questions of fact as to whether Loso had actual or constructive notice of a dangerous condition with regard to the handrail. Plaintiffs’ son testified that when he and Loso toured the property prior to the commencement of his tenancy, he observed — and Loso acknowledged — that the handrail was loose. He testified further that, during his occupancy of the premises, the handrail “moved and threw [him] off balance” every time he would grab it. Both he and his wife explained that they complained to Loso about the condition of the handrail on a number of occasions, the most recent of which occurred approximately two months prior to the accident in question after their son fell while attempting to grasp the handrail as he descended the stairs. Plaintiffs’ son further explained that, in reply to one of his complaints, Loso stated that he would “have [it] take[n] care of.” Moreover, plaintiffs’ son and daughter-in-law each provided detailed testimony calling into question Loso’s claim that he did not repair the handrail in question in any way after the incident, noting that Loso subsequently installed a second handrail on the opposite side of the stairway and that, following such installation, the handrail at issue “wouldn’t move” at all. While this testimony concerning the condition of the subject handrail is plainly at odds with that provided by Loso and the neighboring tenant, as well as Loso’s assertion that he had not received any complaints concerning the handrail, “a court may not assess credibility on a summary judgment motion ‘unless it clearly appears that the issues are not genuine, but feigned’ ” (Dillenbeck v Shovelton, 114 AD3d 1125, 1127 [2014], quoting Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]; see Meyer v University Neurology, 133 AD3d 1307, 1308 [2015]; see generally Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]). On this record, no such finding can be made.
 

 Further, factual issues exist as to whether the alleged instability of the handrail caused or contributed to the accident. “Even if [Kraft’s] fall was precipitated by a misstep, given her testimony that she reached out [for the handrail] to try to stop her fall, there is an issue of fact as to whether the [the instability] of [the] handrail was a proximate cause of her injury” (Antonia v Srour, 69 AD3d 666, 666-667 [2010]; see Carter v State of New York, 119 AD3d 1198, 1201 [2014]; Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267 [2010]; Asaro v Montalvo, 26 AD3d 306, 307 [2006]). Nor can we conclude, as a matter of law, that Kraft would have been unable to grasp the handrail — which was located to the left of her as she descended the stairs — due to the fact that she was holding her grandchild in her right arm when she began to fall (see Lattimore v Falcone, 35 AD2d 1069, 1069 [1970]; see also Finnigan v Lasher, 90 AD3d 1286, 1288 [2011]; compare Sauer v Mannino, 309 AD2d 1053, 1054 [2003]). Accordingly, Supreme Court erred in dismissing the complaint as against Loso.
 

 We reach a different conclusion with respect to Brownell. As a general rule, each cotenant in a tenancy in common has the right to use and enjoy the entire property as would a sole owner. This right translates into a duty to maintain the property safely, and “a defective condition causing injury to a third party results in joint and several liability as to each cotenant” (Butler v Rafferty, 100 NY2d 265, 269 [2003]). However, where cotenants “agree . . . that one of them shall have exclusive possession of the common property . . . , liability for personal injuries will fall only on the tenant who exercises possession and control over the area in question” (id. at 270 [internal quotation marks and citations omitted]).
 

 The uncontradicted evidence established that Brownell surrendered possession and control of the property to Loso (see id. at 271; Turner v Davis, 105 AD3d 946, 948 [2013]). Although she was an owner of the property, Loso testified that Brownell had never even seen the property and that he was solely responsible for its care and upkeep. Moreover, Brownell was not a party to the lease agreement between Loso and plaintiffs’ son and daughter-in-law and the record is bereft of any proof that she was ever present on the premises, took any actions with respect to the handrail in question or otherwise had any responsibility for maintaining or repairing it. As plaintiffs have failed to establish the existence of an issue of fact as to whether Brownell surrendered possession and control over the rental property to Loso, summary judgment was properly awarded to Brownell.
 

 McCarthy, Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants’ motion for summary judgment dismissing the complaint against defendant William H. Loso; motion denied to that extent; and, as so modified, affirmed.
 

 *
 

 Brownell died during the pendency of this action and was substituted by Stephen Brownell, the administrator of her estate.