Weed v Erie County Med. Ctr. (2020 NY Slip Op 05364)





Weed v Erie County Med. Ctr.


2020 NY Slip Op 05364


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


603 CA 19-01814

[*1]MARGARET WEED, PLAINTIFF-RESPONDENT,
v
ERIE COUNTY MEDICAL CENTER AND ERIE COUNTY MEDICAL CENTER CORPORATION, DEFENDANTS-APPELLANTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BROWN CHIARI LLP, BUFFALO (BRIAN R. HOGAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered September 20, 2019. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she allegedly slipped on ice in a parking lot at defendants' premises. Defendants moved for summary judgment dismissing the complaint, contending that plaintiff was unable to establish the cause of her fall without engaging in speculation. Defendants appeal from an order denying that motion, and we now affirm.
" 'In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall' without engaging in speculation" (Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1487 [4th Dept 2014]; see Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016]). Here, defendants submitted on their motion, inter alia, excerpts of plaintiff's deposition testimony, wherein she testified that she knew she slipped on ice. We conclude that her testimony regarding the condition that caused her fall "render[ed] any other potential cause of [her] fall sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (Doner v Camp, 163 AD3d 1457, 1457 [4th Dept 2018] [internal quotation marks omitted]). We thus conclude that defendants failed to meet their initial burden on the motion.
Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised a triable issue of fact sufficient to defeat summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition to the motion, plaintiff submitted her complete deposition testimony, in which she testified to her observation that the entire parking lot was icy at the time of her fall and that, as she walked across the parking lot, she observed a dusting of snow over solid ice. Plaintiff further testified that, after her fall, she could see and feel the ice as she was lying on the ground. Plaintiff also submitted the deposition testimony of two of her coworkers, who each testified that they had traversed the parking lot around the time of plaintiff's fall and slipped as they walked. In addition, plaintiff submitted the deposition testimony of the assistant supervisor of buildings and grounds that the grounds and sidewalks were icy when he arrived at work on the morning of plaintiff's fall and that, after responding to the location of plaintiff's fall, he observed that the area was icy.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court