Continental Ins. Co. v Greenwich Ins. Co. (2020 NY Slip Op 06382)





Continental Ins. Co. v Greenwich Ins. Co.


2020 NY Slip Op 06382


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 158395/13 Appeal No. 12314N Case No. 2020-00097 

[*1]Continental Insurance Company, Plaintiff-Respondent,
v
Greenwich Insurance Company, Defendant-Appellant, Liberty Contracting Corp., Defendant.


Kaufman Dolowich & Voluck, LLP, Woodbury (Eric B. Stern of counsel), for appellant.
CNA Coverage Litigation Group, New York (Marian S. Hertz of counsel), for respondent.



Order, Supreme Court, New York County, (Tanya R. Kennedy, J.), entered November 27, 2019, which, to the extent appealed, denied defendant Greenwich Insurance Company's motion for leave to renew its motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
"On a motion for summary judgment, the evidence will be construed in the light most favorable to the one moved against" (Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 161 [1st Dept 2016][internal quotation marks and citations omitted], affd 31 NY3d 131 [2018]). The insured has the burden of showing that the insurance contract covers the loss it claims (id.). It is well-established that an additional insured enjoys "the same protection as the named insured" (Pecker Iron Works of N.Y. v Traveler's Ins. Co., 99 NY2d 391, 393 [2003]). In determining whether there is an additional insured entitled to coverage, the terms under the additional insured endorsements must first be discerned (see Gilbane Bldg. Co., 143 AD3d at 162; Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co., 53 AD3d 140, 145 [1st Dept 2008]).
According to the additional insured endorsements of the policy, to add an additional insured, Liberty and Americon had to enter into a contract or an agreement. One of the additional insured endorsements required that the agreement be in writing, while the other two endorsements did not have that requirement. In the prior determination, the court found that there were questions of fact as to whether there was an oral agreement for Liberty to procure additional insured coverage for Americon.
Greenwich asserts that, following discovery, it is now clear that there was no agreement on the date of the accident between Liberty and Americon. The witnesses did not specifically testify as to whether there was an oral agreement pre-accident and, in the notice to admit, Continental denied "having personal knowledge or information sufficient" to admit or deny that the terms and conditions in the written contract (post-accident) were orally agreed to by Americon and Liberty before the accident. However, considering the totality of the circumstances, including the testimony provided by Liberty's principal and Americon's principal, there are still issues of fact as to the existence of an agreement to procure additional insured coverage for Americon (see Wasek v New York City Health & Hosps. Corp., 123 AD3d 493, 494 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020