Chapman v Olean Gen. Hosp. (2024 NY Slip Op 03271)

Chapman v Olean Gen. Hosp.

2024 NY Slip Op 03271

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

288 CA 23-00767

[*1]EDWARD C. CHAPMAN, AS EXECUTOR OF THE ESTATE OF BETTY JANE CHAPMAN, DECEASED, PLAINTIFF-APPELLANT,
v
OLEAN GENERAL HOSPITAL, DEFENDANT-RESPONDENT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MARK C. BACHMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered April 25, 2023. The order granted the motion of defendant for summary judgment dismissing the amended complaint and denied the cross-motion of plaintiff for leave to amend the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by granting the cross-motion and striking the note of issue and certificate of readiness and as modified the order is affirmed without costs.
Memorandum: Plaintiff's decedent commenced this negligence action seeking damages for injuries that she sustained when she allegedly slipped and fell in a parking lot at defendant's premises after her discharge from the emergency department. Following discovery and the filing of a note of issue and certificate of readiness, defendant moved for summary judgment dismissing the amended complaint, contending, inter alia, that plaintiff was unable to establish the cause of decedent's fall without engaging in speculation. Plaintiff opposed the motion and cross-moved for leave to amend the amended complaint to add a cause of action alleging negligent discharge of decedent from defendant's facility. Supreme Court granted the motion and denied the cross-motion, and plaintiff now appeals.
" 'In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of [the] fall' without engaging in speculation" (Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1487 [4th Dept 2014]; see Weed v Erie County Med. Ctr., 187 AD3d 1568, 1568 [4th Dept 2020]). Here, defendant established its prima facie entitlement to judgment as a matter of law by submitting plaintiff's deposition testimony in which he stated that he did not know what caused decedent to fall and did not see any accumulation of ice or snow in that area (see McGill v United Parcel Serv., Inc., 53 AD3d 1077, 1077 [4th Dept 2008]).
We further conclude that plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff contends that the testimony from his deposition that decedent told him that she had "slipped" and "it was icy" recounts admissible hearsay pursuant to the excited utterance exception and raises a question of fact as to whether an accumulation of ice was the cause of decedent's fall. Contrary to plaintiff's contention, the record does not establish that decedent's statements were " 'made shortly after the [accident and] . . . while [she] was under the extraordinary stress of [her] injuries' " and, thus, we conclude that the statements are not admissible hearsay (People v Farrington, 171 AD3d 1538, 1539 [4th Dept 2019], lv denied 34 NY3d 930 [2019]; see generally People v Johnson, 1 NY3d 302, 305-307 [2003]). Although [*2]inadmissible hearsay "may be considered in opposition to a motion for summary judgment, it is by itself insufficient to defeat such a motion" (Raux v City of Utica, 59 AD3d 984, 985 [4th Dept 2009]; see Savage v Anderson's Frozen Custard, Inc., 100 AD3d 1563, 1564-1565 [4th Dept 2012]).
With respect to the cross-motion for leave to serve a second amended complaint adding a cause of action for the allegedly negligent discharge of decedent from defendant's facility, we note, as a preliminary matter, that the proposed additional cause of action sounds in medical malpractice because it "challenge[s] the hospital's assessment of [decedent's] need for supervision" (Smee v Sisters of Charity Hosp. of Buffalo, 210 AD2d 966, 967 [4th Dept 1994]; see Scott v Uljanov, 74 NY2d 673, 674-675 [1989]), and therefore "bears a substantial relationship to the rendition of medical treatment by a licensed physician" (Weiner v Lenox Hill Hosp., 88 NY2d 784, 788 [1996] [internal quotation marks omitted]; cf. Edson v Community Gen. Hosp. of Greater Syracuse, 289 AD2d 973, 974 [4th Dept 2001]). While "[i]t is well settled that [l]eave to amend the pleadings shall be freely given absent prejudice or surprise resulting directly from the delay" (Burke, Albright, Harter & Rzepka LLP v Sills, 187 AD3d 1507, 1508-1509 [4th Dept 2020] [internal quotation marks omitted]), that policy does not apply "on the eve of trial," and once a case has been certified ready for trial "there is a heavy burden on [a] plaintiff to show extraordinary circumstances to justify amendment by submitting affidavits which set forth the recent change of circumstances justifying the amendment and otherwise giving an adequate explanation for the delay" (Jablonski v County of Erie, 286 AD2d 927, 928 [4th Dept 2001] [internal quotation marks omitted]). Inasmuch as plaintiff failed to offer any explanation for the delay, we reject plaintiff's contention that the court abused its discretion in denying the cross-motion for leave to amend the amended complaint to add a medical malpractice cause of action. Nevertheless, because defendant failed to establish any prejudice that would result from plaintiff's delay in seeking leave to amend, if further discovery is conducted, we modify the order in the exercise of our discretion by granting plaintiff leave to amend his amended complaint to assert a cause of action for the allegedly negligent discharge of decedent from defendant's facility, and, further, striking the note of issue and certificate of readiness to allow for additional discovery (see Wegner v Town of Cheektowaga, 159 AD3d 1348, 1349 [4th Dept 2018]; Matter of Trader v State of New York, 259 AD2d 951, 951 [4th Dept 1999]; Omni Group Farms v County of Cayuga, 199 AD2d 1033, 1034-1035 [4th Dept 1993]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court