**New York State Mun. Workers' Compensation Alliance v MJWM, LLC**

2024 NY Slip Op 33423(U)

September 30, 2024

Supreme Court, Broome County

Docket Number: Index No. EFCA2019001950

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
12th day of June 2024.

PRESENT:    HON. EUGENE D. FAUGHNAN
            Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BROOME

_____

NEW YORK STATE MUNICIPAL WORKERS'
COMPENSATION ALLIANCE, as assignee
of JEFF WATERMAN, assignor,

                            Plaintiff,          **DECISION AND ORDER**

            vs.

                                                Index No. EFCA2019001950
MJWM, LLC.,

                            Defendant.

_____

APPEARANCES:

Counsel for Plaintiff:          KEVIN P. FITZPATRICK, ESQ.
                                Marschhausen & Fitzpatrick, P.C.
                                73 Heitz Place
                                Hicksville, NY 11801

Counsel for Defendant:          CAROLINE GUILES, ESQ.
                                Coughlin & Gerhart, LLP
                                99 Corporate Drive
                                PO Box 2039
                                Binghamton, NY 13902-2039

<u>**EUGENE D. FAUGHNAN, J.S.C.**</u>

This matter is before the Court upon the motion of Defendant MJWM, LLC ("MJWM") for summary judgment pursuant to CPLR 3212. The motion has been opposed by Plaintiff New York State Municipal Workers' Compensation Alliance ("Alliance"). Oral argument was conducted by Teams and counsel for both parties were present. After due deliberation, this constitutes the Court's Decision and Order with respect to the pending motion.[1]

## **BACKGROUND FACTS**

Many of the underlying facts of this case are not disputed. On or about February 1, 2017, Jeff Waterman was employed by the City of Binghamton and was dispatched to a property located within the City to install a water meter. The property is a residential home and was owned by the Defendant LLC. To perform the work, Waterman had to use a flight of stairs to access the basement. He traversed the stairs several times without issue, but on his last descent, he claims that he fell as the result of a step breaking under his foot. Since he was in the course of his employment, he received workers' compensation benefits from Alliance. Waterman did not file a personal injury action against the property owner, so Alliance exercised its right to have the claim assigned to it, and then Alliance brought this action against the property owner, MJWM, to recoup the money Alliance paid out in workers' compensation benefits. *See*, WCL §29(2).

The parties engaged in discovery, including depositions of Waterman, Robert Slocum and Robert's son, James (Jim) Slocum. Robert Slocum is the sole member of MJWM- a business involved in the purchase and renovation of properties which would then be rented or sold, including the subject premises. MJWM bought the property at auction in June 2016 and following the purchase, Robert and Jim inspected the premises, as per their usual custom, to ascertain if any repairs or renovations were necessary. The stairs showed no obvious sign of damage or need of repairs. Robert also stated that he had used the stairs and never observed any

---

[1] All the papers filed in connection with the motion are included in the NYSCEF electronic case file and have been considered by the Court.

defect. He did not become aware of Waterman's fall until 2019 and received no complaints relative to the condition of the stairs.

Waterman testified by deposition on February 11, 2022 and October 26, 2022. He stated that when he went to the property for the meter installation, he was met by a property maintenance worker who directed him to the basement. There were six to eight stairs to the basement, and the stairs were made of wood. The maintenance worker also went up and down the stairs multiple times and was just in front of Waterman when he fell. Waterman testified that the second stair gave out as he stepped on it. He took pictures of the stairway sometime later. His testimony was conflicting as to whether it was later in the day, or some later date, but the record does contain photographs of the stairs, which show that the step or tread had detached from the side stair stringer.

In support of the motion for summary judgment, Defendant submitted an attorney affirmation of Caroline Guiles, Esq., dated April 12, 2024, with Exhibits and a Memorandum of Law, as well as affidavits from Robert Slocum, James Slocum and Rayha Lowe, who also assisted in repairs to the property in the winter/spring of 2016/2017. Defendant advances two main arguments: 1) Plaintiff cannot identify the cause of Waterman's fall, so it would be pure speculation that is was caused by Defendant's negligence, and 2) Defendant did not have actual or constructive notice of the alleged defect and did not create the allegedly defective condition.

Plaintiff submitted an attorney affirmation in opposition, from Kevin P. Fitzpatrick, Esq., dated May 29, 2024, with Exhibits, and a Memorandum of Law. Plaintiff claims that Defendant has failed to make a *prima facie* showing for summary judgment, and thus, the Plaintiff has no burden to rebut Defendant's argument for summary judgment. Plaintiff also argues that the doctrine of *res ipsa loquitor* applies and would preclude Defendant's summary judgment motion. Lastly, Plaintiff claims that it has established a *prima facie* case of negligence.

Defendant filed an affidavit and Memorandum of Law in Reply on June 5, 2024. That Reply continued to maintain that Defendant lacked constructive notice of the alleged defective condition of the stairs and there was no visible defect. Therefore, Defendant contends that it has established that it cannot be liable for Waterman's fall.

3

## LEGAL DISCUSSION AND ANALYSIS

When seeking summary judgment, "the movant must establish its prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact." *Lacasse v. Sorbello*, 121 AD3d 1241, 1241 (3rd Dept 2014) *citing Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 (1986) and *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 (1985) (other citation omitted); *see Amedure v. Standard Furniture Co.*, 125 AD2d 170 (3rd Dept. 1987); *Bulger v. Tri-Town Agency, Inc.*, 148 AD2d 44 (3rd Dept. 1989), *app dismissed* 75 NY2d 808 (1990). Such evidence must be tendered in admissible form. *Zuckerman v. City of New York*, 49 NY2d 557 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 (1979). Once this obligation is met, the burden shifts to the respondent to establish that a material issue of fact exists. *Dugan v. Sprung*, 280 AD2d 736 (3rd Dept. 2001); *Sheppard-Mobley v. King*, 10 AD3d 70, 74 (2nd Dept. 2004) *aff'd as mod.* 4 NY3d 627 (2005); *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853. "When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination *(see, Sillman v. Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]) and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact." *Boston v. Dunham*, 274 AD2d 708, 709 (3rd Dept. 2000) (citation omitted); *American Food & Vending Corp. v. Amazon.com, Inc.*, 214 AD3d 1153 (3rd Dept. 2023). The motion "should be denied if any significant doubt exists as to whether a material factual issue is present or even if it is arguable that such an issue exists." *Haner v. De Vito*, 152 AD2d 896, 896 (3rd Dept. 1989) (citation omitted); *Lacasse v. Sorbello*, 121 AD3d 1241; *Asabor v. Archdiocese of N.Y.*, 102 AD3d 524 (1st Dept. 2013). It "is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact." *Vega v. Restani Constr. Corp.*, 18 NY3d 499, 505 (2012) (citation omitted); *Black v. Kohl's Dept. Stores, Inc.*, 80 AD3d 958 (3rd Dept. 2011).

Landowners have "a duty to exercise reasonable care in maintaining their property in a reasonably safe condition under the circumstances." *Powers v. 31 E 31 LLC*, 24 NY3d 84, 94 (2014) (internal brackets and ellipses omitted), *quoting Galindo v. Town of Clarkstown*, 2 NY3d 633, 626 (2004); *see Basso v. Miller*, 40 NY2d 233, 241 (1976). In a premises liability action,

4

recovery "is predicated on 'ownership, occupancy, control or special use of [a] property' where a dangerous or defective condition exists." *Martuscello v. Jensen*, 134 AD3d 4, 8 (3rd Dept. 2015) *quoting Seymour v. David W. Mapes, Inc.*, 22 AD3d 1012, 1013 (3rd Dept. 2005); *Wisdom v. Reoco, LLC,* 162 AD3d 1380 (3rd Dept. 2018); *Semzock v. State of New York*, 97 AD3d 1012 (3rd Dept. 2012). The imposition of a duty "is premised on the landowner's exercise of control over the property, as 'the person in possession and control of property is best able to identify and prevent any harm to others.'" *Gronski v. County of Monroe*, 18 NY3d 374, 379 (2011), *quoting Butler v. Rafferty*, 100 NY2d 265, 272 (2003).

In a slip/trip and fall case, "[t]o prevail on its motion for summary judgment, defendant [is] required to show that it maintained the premises in a reasonably safe condition and that it did not create or have notice of any allegedly dangerous condition." *Barley v. Robert J. Wilkins, Inc.*, 122 AD3d 1116, 1117 (3rd Dept. 2014) (citations omitted); *Kraft v. Loso*, 154 AD3d 1265, 1265 (3rd Dept. 2017); *McGrath v. George Weston Bakeries, Inc.*, 117 AD3d 1303, 1304 (3rd Dept. 2014). In that context, however, "[t]he issue of whether a dangerous or defective condition exists depends on the facts of each case, and is generally a question of fact for the jury." *Cabanas v. Qiu Yu Zou*, 215 AD3d 726, 727 (2nd Dept. 2023) (citations omitted); *Barley v. Robert J. Wilkins, Inc.*, 122 AD3d 1116; *see, Trincere v. County of Suffolk*, 90 NY2d 976 (1997).

A Defendant "can also demonstrate 'entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation.'" *Farrell v. Ted's Fish Fry, Inc.*, 196 AD3d 893, 894 (3rd Dept. 2021), *quoting Mulligan v. R&D Props. of N.Y. Inc.*, 162 AD3d 1301, 1301 (3rd Dept. 2018); *Deutsch v. Green Hills (USA), LLC*, 202 AD3d 909 (2nd Dept. 2022); *Pascucci v. MPM Real Estate, LLC*, 128 AD3d 1206 (3rd Dept. 2015); *Penovich v. Schoeck*, 252 AD2d 799 (3rd Dept. 1998). The "'failure to prove what actually caused a plaintiff to fall in a situation where there could be other causes is fatal to a plaintiff's cause of action.'" *Martin v. Wilson Mem'l Hosp., Inc.*, 2 AD3d 938, 939 (3rd Dept. 2003), *quoting Dapp v. Larson*, 240 AD2d 918, 919 (3rd Dept. 1997); *Henry v. Cobleskill-Richmondville Cent. Sch. Dist.*, 13 AD3d 968 (3rd Dept. 2004); *see, Chang v. Marmon Enters., Inc.*, 172 AD3d 678, 679 (2nd Dept. 2019). Thus, if the Plaintiff's evidence as to the cause of a fall is based entirely on speculation, then a Defendant will be able to obtain summary judgment.

5

1. Has Plaintiff adequately identified what caused the fall, or is it mere speculation?

Defendant's first argument is that it is entitled to summary judgment because Plaintiff's claim is based on speculation. Defendant argues that Plaintiff cannot identify the cause of Waterman's fall or if there was any dangerous condition/

In most premises liability claims, the injured party is the Plaintiff, who would be able to provide evidence concerning the circumstances of the fall. The situation in the present case is far less common, as Alliance took over the claim after Plaintiff did not pursue a personal injury action. Obviously, Alliance has no first-hand knowledge of the facts, and is limited to the descriptions and accounts provided by the injured party and any other witnesses. Notably, Alliance did not conduct any investigation of its own and can only rely on the evidence supplied by the witnesses to the accident. The question is whether the evidence adduced amounts to something more than speculation.

Certainly, the mere fact that an individual suffered a trip and fall on a defendant's premises is not enough, in and of itself, to impose liability. If plaintiff cannot ascribe the accident to some defect and can only speculate as to the reason for the trip and fall, then summary judgment for defendant is appropriate. Thus, "[w]here it is just as likely that some other factor, such as a misstep or loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation." *Ash v. City of New York*, 109 AD3d 854, 855 (2nd Dept. 2013) (citations omitted); *see e.g. Lucas v. Genting N.Y., LLC*, 227 AD3d 795 (2nd Dept., May 8, 2024) (decedent had testified that she did not know if she had tripped or slipped and did not know what caused her to fall); *Dennis v. Lakhani*, 102 AD3d 651 (2nd Dept. 2013) (plaintiff could not identify the cause of his fall); *Revesz v. Carey*, 86 AD3d 821 (3rd Dept. 2011) (plaintiff could not identify how she fell or what caused her to trip).

On the other hand, "direct evidence of causation is not necessary" [(*Jones-Barnes v. Congregation Agudat Achim*, 12 AD3d 875, 877 (3rd Dept. 2004) (citations omitted)], and "a case of negligence based wholly on circumstantial evidence may be established if the plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." *Bovee v. Posniewski Enters., Inc.*, 206 AD3d 1112, 1113 (3rd Dept. 2022), *quoting Brumm v. St. Paul's Evangelical Lutheran Church*,

6

143 AD3d 1224, 1227 (3rd Dept. 2016); *Benjamin v. Court Jester Athletic Club, Ltd.*, 217 AD3d 1206 (3rd Dept. 2023); *Silva v. Village Square of Penna, Inc.*, 251 AD2d 944, 945 (3rd Dept. 1998). Plaintiff is not required to exclude all possibilities except Defendant's negligence, but rather, must only show that the other explanations are less likely than Defendant's negligence. *See, Brumm v. St. Paul's Evangelical Lutheran Church*, 143 AD3d 1224; *Rinallo v. St. Casimir Parish & Catholic Diocese of Buffalo*, 138 AD3d 1440 (4th Dept. 2016); *Oliveira v. County of Broome*, 5 AD3d 898 (3rd Dept. 2004); *see also, Weed v. Erie County Med. Ctr.*, 187 AD3d 1568 (4th Dept. 2020).

Defendant argues that there is no evidence as to what caused Waterman to fall, so it is merely speculation that Defendant was negligent. The Court does not agree. Although Defendant has provided evidence (through testimony of the owner and his workers) that the stairs were inspected and were solid with no cracks, splinters or wood rot on the stairs, Waterman testified that the stair broke. Specifically, he testified that the "stairs gave away because they were dried out and nails busted, everything. It was just a lot of dry wood and it finally couldn't take it going up and down anymore, and I was unfortunately—I'm the one that fell through them." (Waterman deposition 2/11/22 at p. 120). He went on to say that there were blocks of wood nailed into the stringer and the stair tread was affixed to top of the blocks of wood, and they probably just dried out.

Waterman's testimony is clear that the collapse of one of the steps on the stairs was the cause of his fall. While he may not know the physical mechanics that caused the stair to break, he knows that the broken step caused his fall. The visual observation made by Waterman immediately after he fell, together with his testimony, is more than adequate to establish that this claim is not based on mere speculation. *See, e.g. Brumm*, 143 AD3d 1224 (plaintiff fell on sidewalk, and later inspection revealed cracked areas in the sidewalk which she claims caused her fall); *Rinallo*, 138 AD3d 1440 (plaintiff testified that she fell due to her shoe becoming caught on a crack in a step, which was revealed in later photos). This is a case where the person did not see the defect before he fell, but he felt the stair break and immediately looked and saw what caused his fall. Therefore, the Court concludes that Defendant has failed to meet its initial burden on the motion that Plaintiff's claim is based on mere speculation.

7

## 2. Was the property maintained in good condition/ did Defendant have notice of any alleged defect?

As already mentioned, a defendant in a premises liability case who seeks summary judgment bears "the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in ... injury." *Firment v. Dick's Sporting Goods, Inc.*, 160 AD3d 1259, 1259-1260 (3rd Dept. 2018); *Beck v. Stewart's Shops Corp.*, 156 AD3d 1040, 1041 (3rd Dept. 2017); *see, Hurley v. City of Glens Falls*, 160 AD3d 1188, 1188 (3rd Dept. 2018). Here, Defendant has not established as a matter of law that the premises were maintained in a reasonably safe condition. Defendant has submitted affidavits from Robert Slocum and James Slocum that after the purchase of the property, they inspected the premises for needed repairs and that there were no visible defects of the stairs. They also both stated that they had used the stairs multiple times during over the course of months of renovations and there were no signs of defects. Rayha Lowe also confirmed that there were no signs of defects or deterioration. All three witnesses also stated that they did not receive any reports or complaints regarding those stairs. James Slocum added that he coordinated sub-contracting work on the house and those sub-contractors used the stairs without any complaint over a period of approximately six months.

The evidence from these witnesses is limited to their own independent observations and non-expert conclusions. Robert Slocum has a background in computers but had retired and then formed the LLC to purchase properties, fix them up and then either rent or sell them. He considered his role as a manager and his son, James, would perform the necessary work on the property, or arrange for sub-contractors to do it. James testified that he could do basic carpentry work. There is no indication that any of the Defendant's witness has any training, expertise or certifications that would place them in a position to state an opinion as to the condition of the stairs. Further, there is no indication that any inspection was done that may have included an examination under the treads or on the riser to look for any deterioration or rotting. The usage of the stairs without any noticeable noise or problem does not, by itself, establish a reasonably safe condition.

8

Expert opinions can be relied upon to show that there was no dangerous condition (*see, e.g., Kraft v. Loso*, 154 AD3d 1265; *Barley v. Robert J. Wilkins, Inc.*, 122 AD3d 1116; *Cabanas v. Qiu Yu Zou*, 215 AD3d 726), but Defendant has no expert opinion, and the witnesses lack the qualification to render their own expert opinion. Without competent evidence, defendant cannot meet its burden. *See, generally, Serrano v. Riverbay Corp.*, 188 AD3d 617 (1st Dept. 2020) (defendant's director testified in general terms about parking facilities owned by defendant, but did not submit an expert opinion that the parking garage was maintained in a reasonably safe condition). The Court notes that the property was sold at auction to MJWM and no evidence was presented that any professional inspection was done, as might have been the case in a traditional bank mortgage situation. There is also no indication that any additional inspection was done after the initial inspection, and there was a significant amount of time that elapsed before this accident. *See, Hurley v. City of Glens Falls*, 160 AD3d 1188 (3rd Dept. 2018). That is significant because the fact that a location is in good condition at one point does not mean it will remain that way indefinitely. In *Hoffman v. United Methodist Church*, 76 AD3d 541 (2nd Dept. 2010), plaintiff fell on a stairway and stated that the wooden tread detached from the stringer and collapsed; an almost identical fact pattern with the present case. Plaintiff sued and defendant sought summary judgment. The Second Department affirmed denial of the motion, noting that where "an object capable of deteriorating is concealed from view, a property owner's duty of reasonable care entails periodic inspection of the area of potential defect". *Id.* at 543 (internal quotation marks and citations omitted). The court also concluded that evidence supported a finding that the screw or nail securing the step had rusted and

> [t]his evidence permitted an inference that even a nonprofessional inspection ought to have revealed to a reasonable landowner either the existence of a dangerous condition, or, at the very least, the need to conduct a professional inspection. Therefore, there is a question of fact as to whether the defendant failed in its obligation to make a reasonable inspection (*see Colon v Bet Torah, Inc.*, 66 AD3d 731, 887 NYS2d 611 [2009]; *Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 865 NYS2d 187 [2008]).

*Hoffman v. United Methodist Church*, 76 AD3d at 543.

As Hoffman illustrates, the landowner's duty encompasses more than just what can be seen with the naked eye. A deteriorating stair is a classic example of a latent condition that the owner/landlord is still responsible to guard against. In this case, Defendant has not provided evidence that it examined the area under the stairs or had a professional inspection done of that

9

area. The Court concludes that Defendant has failed to establish that the premises were reasonably safe.

Further, Defendant's evidence that no one noticed any problems with the stairs when they went up and down is not enough to make a *prima facie* case that it lacked notice of any dangerous condition. In order to show a lack of constructive notice, the Defendant must provide some evidence as to when the area was last inspected and found to be free of defects, and "[m]ere reference to general ... inspection practices is insufficient to establish a lack of constructive notice." *Lloyd v. 797 Broadway Group, LLC*, 216 AD3d 1290, 1292 (3rd Dept. 2023), *quoting Miller v. Terrace City Lodge No. 1499, Improved Benevolent Prot. Order of the Elks of the World of Yonkers, N.Y.*, 197 AD3d 643, 644 (2nd Dept. 2021).

Based on all the factors, the Court concludes that Defendant has not shown that it maintained the premises in a reasonably safe condition (because the testimony of the witnesses is not expert testimony that the premises were safe and there is no evidence that the deteriorating condition of the stairs was evaluated) or that there was no constructive notice (because of the lack of ongoing inspections). This is sufficient to deny Defendant's motion.

However, even if the Court were to find that Defendant has made a *prima facie* case that is did not create the condition and did not have actual or constructive notice, Plaintiff has raised a triable issue of fact. The photographs of the subject stairs and Waterman's testimony call into question whether Defendant had actual or constructive notice. *See, Oates v. Iacovelli*, 80 AD3d 1059 (3rd Dept. 2011); *Champagne v. Peck*, 59 AD3d 1130 (4th Dept. 2009).

*Oates v. Iacovelli* involved the collapse of a deck at a home, owned by an out of possession landlord, causing injury to the plaintiff. Defendant sought summary judgment claiming that it did not have any actual or constructive notice. Defendant conceded that he had never actually inspected the deck. Plaintiff testified that the deck had rusted nails and rotting wood at the time of the collapse, and he also submitted photographs supporting that conclusion. The court found that there were "questions of fact regarding constructive notice and whether defendants failed to meet their obligation to inspect and maintain the deck." *Oates v. Iacovelli*, 80 AD3d at 1061. The same fact pattern is presented here with respect to MJWM's obligation to inspect the stairs. Merely using the stairs without incident does not equate to inspecting and ensuring that the stairs are safe. It is also relevant that this is an old building and had been vacant for two years, which made deterioration more likely.

10

*Champagne v. Peck* involved a plumber who was injured when the top tread of the basement stairs collapsed as he was descending to do work in the basement. Plaintiff submitted photographs and an expert's affidavit that the court concluded was adequate to raise a question of fact.

The court in *Champagne v. Peck* also concluded that "the doctrine of res ipsa loquitor provides an additional basis for denying defendant's motion." *Champagne v. Peck*, 59 AD3d at 1131; *see, Torres v. Cordice*, 11 Misc3d 23 (App. Term 1st Dept. 2006) (plaintiff meter reader fell while descending a wooden staircase leading to the basement-res ipsa loquitor properly invoked); *Mejia v. Delgado*, 160 AD3d 588 (1st Dept. 2018). The Court agrees that the doctrine is applicable to this case as well.

The "[e]lements of res ipsa loquitur are: '[f]irst, the event must be of a kind that ordinarily does not occur in the absence of someone's negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff." *Frank v. Smith*, 127 AD3d 1301, 1302 (3rd Dept. 2015), *quoting Kambat v. St. Francis Hosp.*, 89 NY2d 489, 494 (1997). "Stairs and protective handrailings do not generally collapse and fall apart in the absence of negligence, i.e., due to faulty installation, maintenance or repair, and the mere act of walking down stairs while holding onto the railing does not make the accident plaintiff's fault or put the stairs and railing under his control." *Torres v. Cordice*, 11 Misc3d at 24; *see, Hoffman v. United Methodist Church*, 76 AD3d 541; *see also Mejia v. Delgado*, 160 AD3d 588. The collapse of the stairs therefore meets the first element of res ipsa loquitor- it does not ordinarily occur in the absence of negligence. The evidence also shows that the premises were not even rented and were under the control of MJWM which was also performing some renovation (so they were not absent from the premises), and there is no evidence that plaintiff did anything to cause the accident. Therefore, res ipsa loquitor applies. Regardless of whether res ipsa loquitor is viewed as Defendant failing to make a *prima facie* case, or is supportive of Plaintiff raising a triable issue of fact, the doctrine precludes a finding of summary judgment for defendant. When the doctrine of res ipsa loquitor applies, notice is inferred, and there is no need for the Court to consider actual or constructive notice. *Mejia v. Delgado*, 160 AD3d at 588.

Plaintiff has also argued that it has made a *prima facie* case of negligence. In light of the Court's determinations above, it is unnecessary to make a finding with respect to this part of

11

Plaintiff's opposition papers. Plaintiff is not seeking a finding of summary judgment as to negligence but simply positing the *prima facie* finding as a basis to deny Defendant's motion.

**CONCLUSION**

Defendant has failed to make a *prima facie* showing that it is entitled to summary judgment. Plaintiff's claim is not based purely on speculation. Waterman's testimony is sufficient to establish he fell due to a broken step. Additionally, Defendant must maintain the premises in a reasonably safe condition and the proof does not establish that conclusion. Defendant has also failed to show that it did not have actual or constructive notice of the alleged defect. The application of res ipsa loquitor makes notice irrelevant anyway.

Based on the foregoing, and after due deliberation, it is hereby

ORDERED, Defendant's motion for summary judgment is DENIED, and it is further

ORDERED, that the attorneys for both parties are directed to appear for a pre-trial conference on **OCTOBER 29, 2024 AT 1:30 PM TO BE CONDUCTED BY MICROSOFT TEAMS.** Chambers will provide the link to join the conference.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:　　　September 3 0 , 2024
　　　　　　Binghamton, New York

　　　　　　　　　　　　　　　　　　　　　　HON. EUGENE D. FAUGHNAN
　　　　　　　　　　　　　　　　　　　　　　Supreme Court Justice

12